IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GLACIER FILMS (USA), INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 15-cv-4014 |
| ) | |
| DOES 1-28, ) | Judge: James B. Zagel |
| ) | |
| Defendants. ) | |

### DEFENDANT DOE 21'S MOTION TO QUASH SUBPOENA, TO SEVER AND TO VACATE ORDER GRANTING DISCOVERY

Defendant DOE 21, by and through Defendant's attorneys, TRIBLER ORPETT & MEYER, P.C., respectfully submits this Motion to Quash Subpoena, to Sever and to Vacate Order Granting Discovery, and respectfully moves this Court for an Order severing Doe 21 and dismissing Doe 21 (as well as all Defendants other than Doe 1) from this suit, vacating this Court's June 2, 2015 Order granting Plaintiff s Motion for Leave to take Discovery Prior to Rule 26(f) Conference, and quashing the subpoena to Comcast Cable Holdings, LLC. In support of its Motion, Defendant Doe 21 respectfully states as follows:

#### INTRODUCTION

Plaintiff filed its Complaint for Copyright Infringement ("Complaint") on May 6, 2015 against twenty-eight unidentified defendants, specifically, Does 1 through 28. See Complaint attached hereto as Exhibit A. The Complaint alleges that Does 1 through 28 infringed its copyright in the motion picture "American Heist," by copying and transferring it on the internet in a "swarm" using BitTorrent software. *Id.* at 5. This action is one of twelve (12) virtually identical lawsuits filed, as of the date of this Motion, by Plaintiff in

the United States District Court for the Northern District alone, alleging identical allegations against two hundred seventy-four (274) Doe defendants. See Case Numbers 1:15-cv-04009, *Glacier Films (USA), Inc. v. Does 1-13;* 1:15-cv-04010, *Glacier Films (USA), Inc. v. Does 1-13*; 1:15-cv-04011, *Glacier Films (USA), Inc. v. Does 1-34*; 1:15-cv-04012, *Glacier Films (USA), Inc. v. Does 1-30;* 1:15-cv-04014, *Glacier Films (USA), Inc. v. Does 1-28*; 1:15-cv-04015, *Glacier Films (USA), Inc. v. Does 1-27*; 1:15-cv-04016, *Glacier Films (USA), Inc. v. Does 1-29*; 1:15-cv-04273, *Glacier Films (USA), Inc. v. Does 1-12*; 1:15-cv-04275, *Glacier Films (USA), Inc. v. Does 1-16*; 1:15-cv-04278, *Glacier Films (USA), Inc. v. Does 1-26*; 1:15-cv-04280, *Glacier Films (USA), Inc. v. Does 1-34*; and 1:15-cv-05285, *Glacier Films (USA), Inc. v. Does 1-12*. The plaintiff's strategy in these cases, as well as other copyright infringement cases filed by the attorneys for the plaintiff in the instant case, appears to be to identify certain unknown persons whose Internet Protocol ("IP") address were used to download a film, sue them in multi-defendant suits that minimize filing fees, discovery the identities of the persons to whom these IP addresses were assigned by serving subpoenas on the Internet service providers to which the addresses pertained, then negotiate settlements with the underlying subscribers—a strategy that appears to be highly successful because of statutory-copyright damages and the high cost of litigation.

In this regard, on May 27, 2015, plaintiff filed its Motion for Leave to Take Discovery Prior to Rule 26(f) Conference and Memorandum in Support of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (collectively "Motion to Take Expedited Discovery"). See Motion to Take Expedited Discovery attached hereto as Exhibit B. The Motion to Take Expedited Discovery was not opposed because not one of the

twenty-eight (28) "Does" have been served in this matter. On June 2, 2015, this Court granted plaintiff's Motion to Take Expedited Discovery. See June 2, 2015 Order attached hereto as Exhibit C. On June 8, 2015, the plaintiff issued its Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") to Comcast Cable Holdings, LLC ("Comcast"), demanding the name and current address of the IP addresses listed in Exhibit B to plaintiff's Complaint. See Subpoena attached hereto as Exhibit D. Doe 21 was first notified of this action by Comcast and, thus, had no opportunity to previously object to plaintiff s Motion to Take Discovery.

## ARGUMENTS

**I. The 28 Doe defendants have been misjoined and Doe 21 (as well as all defendants other than Doe 1) should be severed and dismissed from this cause.**

In its Complaint, plaintiff alleges that each defendant, including Doe 21, participated in the same "swarm," thereby participating in the same transaction, occurrence or series of transactions or occurrences as all other defendants in the swarm, constituting a collective enterprise of shared, overlapping facts. Exhibit A at 5. Essentially, the plaintiff alleges that because BitTorrent users who download the same file are part of the same "swarm," they have all participated in the same series of transactions. However, the plaintiff failed to show simultaneous participation in the alleged swarm as each defendant is identified only by the IP address (assigned by Comcast) and the alleged infringing downloads/uploads occurred at different times spanning a time period from February 10, 2015 to February 28, 2015 (18 days). For the reasons discussed *infra,* plaintiff's allegations made in its Complaint and arguments made in its Motion to Take Expedited Discovery are insufficient to show a basis for joinder and Doe

21 (and all other Does other than Doe 1) should be severed and dismissed from this cause.

      **A.    Plaintiff's Joinder of Does 1-28 Does Not Satisfy Rule 20(a) of the Federal Rules of Civil Procedure.**

Federal Rule of Civil Procedure 20(a)(2) provides that a Plaintiff may join multiple defendants in a single case where: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro R. 20(a)(2).

Here, plaintiff fails to show Doe 21, or any other Doe for that matter, participated in the same swarm at the same time, and therefore, joinder is improper. In a case very similar to the case at bar, *AF Holdings, LLC v. Does 1-1058,* 752 F.3d 990 (D.C. Cir. 2014), the United States Court of Appeals, District of Columbia Circuit, held, *inter alia,* that the mere fact that two defendants accessed the same file through BitTorrent provides an insufficient basis for joinder. *AF Holdings, LLC v. Does 1-1058,* 752 F.3d 990, 998 (D.C. Cir. 2014). In *AF Holdings, LLC,* the Copyright owner brought a copyright infringement action alleging that unknown individual used a file-sharing service known as BitTorrent to download and upload the owner's copyrighted pornographic film, Popular Demand. *Id.* at 992-93. Just as in the instant case, the owner argued that because BitTorrent users who download the same file are part of the same "swarm," they have all participated in the same series of transactions. However, the D.C. Circuit was unconvinced, explaining:

> For the purpose of this case, we may assume that two individuals who participated in the same swarm *at the same time* are part of the same series of transactions within the meaning of Rule 20(a)(2). In that circumstance, the individuals might well be actively sharing a file with one another, uploading and downloading pieces of the copyrighted work from the other members of

the swarm.

> But AF Holdings [owner of the copyrighted movie] has provided no reason to think that the Doe defendants it named in this lawsuit were ever participating in the swarm at the same time. Instead, it has simply set forth snapshots of a precise moment in which each of these 1,058 Does allegedly shared the copyrighted work—snapshots that span a period of nearly *five months*. Two individuals who downloaded the same file five months apart are exceedingly unlikely to have had any interaction with one another whatsoever. Their only relationship is that they used the same protocol to access the same work. To paraphrase an analogy offered by amicus counsel at oral argument, two BitTorrent users who download the same file months apart are like two individuals who play at the same blackjack table at different times. They may have won the same amount of money, employed the same strategy, and perhaps even played with the same dealer, but they have still engaged in entirely separate transactions. And "[s]imply committing the same type of violation in the same way does not link defendants together for the purpose of joinder."

> We therefore agree with those district courts that have concluded that the mere fact that two defendants accessed the same file through BitTorrent provides an insufficient basis for joinder. . . . As with personal jurisdiction and venue, AF Holdings could have brought a suit for which it had some reasonable basis for believing that the requirements for joinder would be satisfied. But given its decision to instead name and seek discovery regarding a vast number of defendants who downloaded the film weeks and even months apart— defendants who could not possibly remain joined in this litigation—one can easily infer that its purpose was to attain information that was not, and could not be, relevant to this particular suit. Such use of the discovery procedures is prohibited.

*Id.* at 998-99 (citations omitted). Similarly, the Honorable Judge Samuel Der-Yeghiayan, in 1:15-cv-04009, *Glacier Films (USA), Inc. v. Does 1-13;* 1:15-cv-04010, an active Northern District of Illinois, Eastern Division case involving the exact same facts and issues asserted in the instant case, brought by the exact same plaintiff's attorneys, granted plaintiff's Motion for Leave to Take Discovery Prior to Rule 26((f) Conference but dismissed Does 2-13 without prejudice, thereby severing the matter as to all defendants except Doe 1. See June 9, 2015 Order attached hereto as Exhibit D.

Even prior to the D.C. Circuit Court of Appeals' ruling in *AF Holdings, LLC v. Does 1-*

*1058,* 752 F.3d 990 (D.C. Cir. 2014), plaintiff's swarm joinder theory has also been considered and rejected by multiple Illinois district courts where the defendants' alleged actions were not concurrent. *See e.g., Malibu Media v. Reynolds,* No. 12 C 6672, 2013 WL 870618, at *11 (N.D. Ill. Mar. 7, 2013); *CP Productions, Inc. v. Does 1-300,* No. 10 C 6255, 2011 WL 737761, at *1 n.2 (N.D. Ill. Feb. 24, 2011). The Court in *Malibu Media, LLC v. Reynolds,* which held that participation in a BitTorrent swarm alone is not sufficient to permit joinder, explained that:

> Despite its cooperative design, the BitTorrent protocol's architecture alone does not compel the conclusion that anonymous defendants who download copies of the same file from the same swarm are engaged in a common transaction or series of transactions for the purposes of Rule 20(a)(2). Where a swarm continues to exist for an extended period of time, it is improbable that defendants entering a swarm weeks or months apart will actually exchange pieces of data. Furthermore, it is impossible for defendants who are not in a swarm coextensively to exchange any pieces of a file.

*Malibu Media, LLC v. Reynolds,* No. 12 C 6672, 2013 WL 870618, at *11 (N.D. Ill. Mar. 7, 2013).

Plaintiff's failure to show the Doe Defendants participated simultaneously in a swarm is insufficient to meet the Rule 20(a)(l )(A) requirement that the Defendants acted "out of the same transaction, occurrence, or series of transactions or occurrences". See Fed. R. Civ. Pro 20(a)(l )(A); see also *Zambezia Film (Pty) Ltd. v. Does 1-33,* No. 13 C 1323, 2013 WL 1181587, at *2 (N.D. Ill. Mar. 20, 2013). The Court in *Zambezia Film v. Does 1-33* explained:

> When considering whether John Does have been properly joined, judges should require plaintiffs to plead facts sufficient to show that the defendants were not only part of the same swarm, but that they were part of the same swarm *at the same time as one another.* If plaintiffs fail to satisfy this standard, expedited discovery should be denied and the improperly joined defendants should be severed from the action. Generally, this means that a plaintiff would be unable to join every member of a swarm that exists for a protracted period of time. Rather, the plaintiff would have to show that all the defendants downloaded the copyrighted work over a short enough period of time to support a probable inference that all the defendants were present in the swarm at the same time. Such a time period would usually span hours

rather than days or months.

*Zambezia Film (Pty) Ltd. v. Does 1-33,* No. 13 C 1323, 2013 WL 1181587, at *2 (N.D. Ill. Mar. 20, 2013) quoting Sean B. Karunaratne, *The Case Against Combating Bittorrent Piracy Through Mass John Doe Copyright lrifringement Lawsuits,* 111 Mich. L. Rev. 283, 292-93 (2012).

In the instant case, Exhibit B to plaintiff's Complaint—a chart listing the Doe Defendants, their IP addresses, and "hit date"—indicates that the Doe Defendants accessed the swarm at different dates and times between February 10, 2015 and February 28, 2015. Exhibit A at Complaint Exhibit B. Doe 21 is alleged to have been part of the swarm on February 12, 2015 at 11:03 p.m. *Id.* However, all other Does are alleged to be present in the swarm at different times, and in most cases, different dates. *See Id.* Plaintiff, therefore, has not and cannot show simultaneous infringement by the Doe Defendants or that they were part of a swarm at the same time as one another. Accordingly, joinder of Does 1-28 is improper and Doe 21, in addition to all of the other Doe Defendants except Doe 1, should be severed and dismissed from this action.

**B. Even if the joinder requirements set forth in Rule 20(a) are somehow met, this Court should sever and dismiss Does 2-18 pursuant to Rule 21 of the Federal Rules of Civil Procedure.**

Federal Rule of Civil Procedure 21 provides that "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. Pro. 21. "It is within the district court's broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir. 2000). The individualized nature of copyright infringement claims supports severance pursuant to Rule 21. *See Malibu Media, LLC v. Reynolds,* No. 12 C 6672, 2013 WL 870618, *14, *15 (N.D. Ill. Mar. 7, 2013) ("it is

unlikely that judicial economy will be achieved by trying what are, in essence, fourteen separate cases simultaneously. Each defendant is likely to assert a unique defense based on his or her situation, and will likely have to present evidence of that defense separately and independently.") ("individualized issues related to each Doe defendant's defense would wash away any judicial economy that may have been achieved through a plaintiff s mass-litigation strategy"); see also *Digital Sins, Inc. v. John Does 1-245,* No. 11 CIV. 8170 CM, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012) ("Trying 245 separate cases in which each of 245 different defendants would assert his own separate defenses under a single umbrella is unmanageable").

The Court in *Digital Sins, Inc. v. John Does 1-245,* discussed the distortion of the joinder rules and "abusive litigation practices" in BitTorrent cases:

> The only economy that litigating these cases as a single action would achieve is an economy to plaintiff-the economy of not having to pay a separate filing fee for each action brought, however, the desire to avoid paying statutorily mandated filing fees affords no basis for joinder. In these BitTorrent cases, where numerous courts have already chronicled abusive litigation practices . . . Forcing plaintiff to bring separate actions against separate infringers, and to pay a filing fee for each action, is the single best way to forestall further abuse.

*Digital Sins, Inc. v. John Does 1-245,* No. 11 CIV. 8170 CM, 2012 WL 1744838, at *3 (S.D.N.Y. May 15, 2012); see also *Zambezia Film (Pty) Ltd. v. Does 1-33*, No. 13 C 1323, 2013 WL 1181587, at *1 (N.D. Ill. Mar. 20, 2013) (discussing a BitTorrent plaintiff's "inappropriate packaging of defendants").

Litigating this cause with twenty-eight (28) Doe Defendants, each with their own factual and legal defenses, would be inefficient, expensive, result in a multitude of dispositive motions and discovery issues, separate and individual to each defendant. Accordingly, Doe 21, in addition to all of the other Doe Defendants except Doe 1, should be severed and dismissed

from this action pursuant to Rule 21. Additionally, if Doe 21 is severed and dismissed from this action, the subpoena to Comcast related to Doe 21 should be quashed, as no claims will be pending relating to Doe 21.

## II. This Court's Order granting plaintiff's Motion to Take Expedited Discovery should be vacated and the Subpoena issued to Comcast quashed.

Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. Pro. 26(d). Plaintiff's Motion to Take Expedited Discovery was unopposed because no defendants had, or has, been served in the instant case. However, Illinois courts have allowed motions for early and expedited discovery on a showing of "good cause." *Dallas Buyers Club, LLC v. Does 1-28,* No. 14 C 4927, 2014 WL 3642163, at *2 (N.D. Ill. July 22, 2014). Good cause exists when the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *Id.*

Due to, *inter alia,* the nature of BitTorrent and the problematic identification of infringing parties by IP addresses, plaintiff does not have good cause to conduct expedited discovery prior to a Rule 26(f) conference. Many courts have recognized that a showing of good cause is especially important in swarm joinder copyright infringement cases because an IP subscriber is not necessarily the copyright infringer. *See, e.g., AF Holdings, LLC v. Does 1-1058,* 752 F.3d 990, 992 (D.C. Cir. 2014) (explaining IP addresses can be used to identify underlying subscribers, but not necessarily the individuals actually accessing the Internet through the subscribers' connections at any given time). *See also*, *In re BitTorrent Adult Film*

*Copyright Infringement Cases,* 296 F.R.D. 80, 84 (E.D.N.Y. 2012) ("a single IP address usually supports multiple computer devices" and "[d]ifferent family members, or even visitors, could have performed the alleged downloads [and] [u]nless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff s film"); *Digital Sin, Inc. v. Does 1-176,* 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (noting that the risk of false positives is not speculative as "Plaintiff's counsel estimated that 30% of the names turned *over* by ISPs are not those of individuals who actually downloaded or shared copyrighted material"); *VPR Internationale v. Does 1-1017,* No. 11-2068, 2011 WL 8179128, at *2 (C.D. Ill. Apr. 29, 2011) ("The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.")

In *VPR Internationale v. Does 1-1017,* the District Court for the Central District of Illinois denied a copyright holder plaintiff's motion for expedited discovery to obtain the identity of subscribers linked to IP addresses. *VPR Internationale,* 2011 WL 8179128 at *2. The Court denied the plaintiff's request for reconsideration and certification for interlocutory review, finding that identifying defendants by IP addresses is too tenuous and the potential of harm to defendants to great. *Id.* The Court explained: "Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether [the plaintiff] has competent evidence to prove its case." *Id.* This risk of false positives gives rise to "the potential for coercing unjust settlements from innocent defendants.") *Digital Sin, Inc. v. Does 1-176,* 279 F.R.D. 239, 242 (S.D.N.Y. 2012). Furthermore, the Court

in *VPR Internationale v. Does 1-1017,* held that "until at least one person is served, the court lacks personal jurisdiction over anyone" and that "the imprimatur of this court will not be used to advance a 'fishing expedition by means of a perversion of the purpose and intent' of class actions." *VPR Internationale,* 2011 WL 8179128, at *2.

In support of its Motion to Take Expedited Discovery, plaintiff attaches a Declaration by Daniel Macek ("Declaration"), which provides little additional information than what Plaintiff alleged in its Complaint. See Exhibit B. The Declaration fails to include any information regarding Mr. Macek's, qualifications, educational background or experience. Nor does Mr. Macek state how he has knowledge of BitTorrent swarms and internet service provider practices and procedures to show good cause for expedited discovery.

Mr. Macek's integrity and qualifications have also come under scrutiny in other similar copyright litigation matters. For example, the Sydney Morning Herald recently reported that, in an Australian copyright case, Mr. Macek did not prepare his expert witness affidavit, did not know how to interpret the log files generated by his company's software and did not graduate from any university. See February 18, 2015 Sydney Morning Herald's news article attached hereto as Exhibit E. This raises concerns of whether Mr. Macek is qualified to testify to the matters stated in his Declaration, or whether this Court should have given any weight whatsoever to the same. Indeed, the previous concerns raised warrants a deposition of Mr. Macek in the instant case.

Furthermore, the Declaration fails to address the risk of false positives and likelihood that the subscriber of an IP address, in this case Doe 21, is not the actual infringer. Plaintiff's Motion to Take Expedited Discovery simply does not meet the standard for

good cause, particularly considering the nature of this case.

Based on the foregoing, including the recent United States Court of Appeals, D.C. Circuit's holding in *AF Holdings, LLC v. Does 1-1058,* 752 F.3d 990 (D.C. Cir. 2014), Doe 21 respectfully requests that this Court's June 2, 2015 order granting Plaintiff s Motion to Take Expedited Discovery be vacated, that the subpoena to Comcast be quashed in its entirety and that Doe 21 be dismissed with prejudice from the instant case.

WHEREFORE, Defendant DOE 21, respectfully requests this Court to enter an order: (i) severing Doe 21 and dismissing Doe 21 (as well as all defendants other than Doe 1) from this cause; (ii) vacating the Court's June 2, 2015 order granting Plaintiff s Motion for Leave to Take Discovery Prior to Rule 26(f) Conference; (iii) quashing the subpoena to Comcast Cable Holdings, LLC; and (iv) for such other and further relief just and proper in the premises.

                                                Respectfully Submitted,

                                                ___s/ James C. Sheets_____
                                                One of the attorneys for Doe 21.

.

William B. Oberts, Esq.  ARDC #6244723
James C. Sheets, Esq.  ARDC #6304510
TRIBLER ORPETT & MEYER, P.C.
225 W. Washington Street, Suite 1300
Chicago, IL 60606
(312) 201-6400

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of Defendant, Doe 21's motion to quash subpoena to sever and to vacate order granting discovery was served upon:

Mr. Michael A. Hierl
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 580-0100
(312) 580-1994 – fax
mhierl@hsplegal.com

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on July 13, 2015, with proper postage prepaid.

                                              s/ James A. Sheets
                                              an Attorney